United States District Court
Southern District of Texas

**ENTERED**

June 16, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY VALLE, | § | |
| SPN #01581525, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-24-2889 |
| | § | |
| JUDGE CHRIS MORTON, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Anthony Valle (SPN #01581525), has filed a
Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983
("Complaint") (Docket Entry No. 1) concerning criminal charges that
are pending against him in state court. He has also filed two more
definite statements concerning his claims ("Plaintiff's First MDS"
at Docket Entry No. 10 and "Plaintiff's Second MDS" at Docket Entry
No. 11).

Because Valle is a prisoner who proceeds in forma pauperis,
the court is required to scrutinize the claims and dismiss the
Complaint if it determines that the action is "frivolous or
malicious," "fails to state a claim on which relief may be
granted," or "seeks monetary relief against a defendant who is
immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28
U.S.C § 1915A(b). After considering all of the pleadings, the

court concludes that this case must be dismissed for the reasons explained below.

## I.  **Background**

Valle, who is presently confined as a pretrial detainee at the Harris County Jail, reports that he was admitted to the jail most recently on January 4, 2022.[1]  Valle acknowledges that he has been charged with several serious offenses.[2]  Public records confirm that Valle has been charged with indictments in the following cases: (1) indecency child exposure in Case No. 1576374 - 3; (2) murder in Case No. 1572015 - 3; (3) injury to a child in Case No. 1640161 - 3; and (4) aggravated sexual assault of a child in Case No. 1702650.[3]  These charges were originally filed against Valle in the 230th District Court for Harris County, Texas, but the cases were later transferred to a different judge and are now pending in the 338th District Court.[4]

---

[1] Plaintiff's First MDS, Docket Entry No. 10, p. 1; Plaintiff's Second MDS, Docket Entry No. 11, p. 1.

[2] See Plaintiff's First MDS, Docket Entry No. 10, p. 1; Plaintiff's Second MDS, Docket Entry No. 11, p. 1.

[3] See Harris County District Clerk, https://www.hcdistrictclerk.com/Edocs/Public/search.aspx (last visited June 16, 2025).

[4] See docket sheets for Case No. 157637401010 - 3, Case No. 157201501010 - 3, Case No. 164016101010 - 3, and Case No. 1 7 0 2 6 5 0 0 1 0 1 0        -        3        a t https://www.hcdistrictclerk.com/Edocs/Public/search.aspx. See also Plaintiff's Second MDS, Docket Entry No. 11, p. 1.

Valle has filed this lawsuit under 42 U.S.C. § 1983 against Judge Chris Morton, who presides over the 230th District Court for Harris County. Valle also sues Harris County District Attorneys Ryan Volkmer and Cristina Platter. The allegations in the pleadings are difficult to decipher. Valle appears to allege that after a trial, he was found guilty of the sexual assault of a child charges.[5] He appears to further allege that another judge, Judge Susan Brown, later declared a mistrial in January of 2022 for the sexual assault of the child charges.[6]

Valle asserts that a trial started on the murder charge, but was "never finished."[7] Valle appears to allege that Judge Morton violated his rights in several ways during the course of the trial, including stopping the trial for two hours so that he could teach a class, "helping" District Attorney Volkmer during the trial by throwing Valle's attorney out of the courtroom and telling Valle to find a lawyer in the hallway, not allowing Valle's attorney to ask questions, not allowing District Attorney Volkmer to put Valle's attorney on the stand, cursing at Valle's attorney, allowing a 4-day trial to last 4-months, giving the jury various amounts of time off, and warning Valle's attorney that he was going to hold

---

[5] Plaintiff's First MDS, Docket Entry No. 10, p. 1.

[6] Plaintiff's Second MDS, Docket Entry No. 11, pp. 2, 4.

[7] Plaintiff's First MDS, Docket Entry No. 10, p. 1. In the Plaintiff's Second MDS, he states that the murder trial was declared a mistrial by Judge Susan Brown. See Plaintiff's Second MDS, Docket Entry No. 11, p. 2.

him in contempt of court.[8]   He alleges that Judge Morton and
District Attorneys Volkmer and Platter laughed when Valle's
attorney was "thrown out" of the courtroom.[9]   Valle states that on
the third day of the trial "Judge Susan Brown came in to hear what
was going on with Judge Chris Morton.  Judge Brown threw out Judge
Morton from my trial.  Judge Brown called a mistrial on the one
that the jury found me guilty on a mistrial."[10]   Valle states that
he "wrote to the State Commission on Judicial Conduct" and that the
"Commission voted to issue the judge Morton a private sanction[.]"[11]
Valle alleges that the "d[istrict] a[ttorney] needed me to be found
guilty so he can run the murder case.  That[s] why the Judge Morton
was helping the DA Volkmer."[12]

As relief, Valle seeks the disbarment of Judge Morton,
Volkmer, and Platter and he wants these defendants to take
"sensitive classes."[13]   He also wants the trial "further
investigate[d]."[14]

---

[8] Complaint, Docket Entry No. 1, pp. 4, 6.

[9] Id. at 4.

[10] Plaintiff's First MDS, Docket Entry No. 10, p. 1.

[11] Id. at 2.

[12] Id.

[13] Complaint, Docket Entry No. 1, p. 4.

[14] Id.

-4-

## II.  **Standard of Review**

Federal district courts are required by the Prison Litigation Reform Act ("PLRA") to screen prisoner complaints to identify cognizable claims or dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. See Crawford-El v. Britton, 118 S. Ct. 1584, 1596 (1998) (summarizing provisions found in the PLRA, including the requirement that district courts screen prisoners' complaints and summarily dismiss frivolous, malicious, or meritless actions); see also Coleman v. Tollefson, 135 S. Ct. 1759, 1761-62 (2015) (discussing the screening provision found in the federal in forma pauperis statute, 28 U.S.C. § 1915(e)(2), and reforms enacted by the PLRA that were "'designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good'") (quoting Jones v. Bock, 127 S. Ct. 910, 914 (2007)) (alteration in original).

A complaint is frivolous if it "'lacks an arguable basis either in law or in fact.'" Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992) (quoting Neitzke v. Williams, 109 S. Ct. 1827, 1831 (1989)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999) (citations and internal quotation marks omitted). "A

-5-

complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998) (citation omitted).

To avoid dismissal for failure to state a claim, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level[.]" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (citation omitted). If the complaint has not set forth "enough facts to state a claim to relief that is plausible on its face," it must be dismissed. Id. at 1974. A reviewing court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." Heinze v. Tesco Corp., 971 F.3d 475, 479 (5th Cir. 2020) (citation omitted). But it need not accept as true any "conclusory allegations, unwarranted factual inferences, or legal conclusions." Id. (internal quotation marks and citations omitted); see also White v. U.S. Corrections, LLC, 996 F.3d 302, 307 (5th Cir. 2021) (same). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 127 S. Ct. at 1965).

Because the plaintiff represents himself, his pro se pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 92 S. Ct. 594, 596 (1972) (per curiam). Even under this lenient standard a plaintiff must allege

-6-

sufficient facts which, when taken as true, state a claim for relief that is plausible on its face. Legate v. Livingston, 822 F.3d 207, 210 (5th Cir. 2016) (citation omitted). A district court may summarily dismiss a pro se litigant's lawsuit "before service of process or before the filing of the answer" if it is satisfied that the plaintiff has pleaded his "best case." Brewster v. Dretke, 587 F.3d 764, 767-68 (5th Cir. 2009) (citations omitted).

### III.  Discussion

"Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States . . . ." Livadas v. Bradshaw, 114 S. Ct. 2068, 2083 (1994) (quoting Maine v. Thiboutot, 100 S. Ct. 2502, 2504 (1980)). "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 114 S. Ct. 807, 811 (1994) (quoting Baker v. McCollan, 99 S. Ct. 2689, 2694 n.3 (1979)). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing that (1) he has been deprived of a right secured by the Constitution or of federal law, and (2) the violation was committed by someone acting under color of state law. See Flagg Brothers, Inc. v. Brooks, 98 S. Ct. 1729, 1733 (1978); Atteberry v. Nocona General Hospital, 430 F.3d 245, 252-53 (5th Cir. 2005).

## A. The Claims Against Judge Chris Morton

Valle claims that Judge Morton violated his Sixth Amendment rights in connection with his state court trial.   The claims against Judge Morton must be dismissed, however, because "[j]udges enjoy absolute immunity for judicial acts performed in judicial proceedings."   Phan v. Hanen, No. 23-20598, 2024 WL 3593902, at *1 (5th Cir. July 31, 2024) (per curiam); see also Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994).   "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority . . . ."   Mays v. Sudderth, 97 F.3d 107, 111 (5th Cir. 1996) (quoting Stump v. Sparkman, 98 S. Ct. 1099, 1105 (1978)).   The doctrine of absolute judicial immunity protects judges from suit, not just from liability for damages.   See Mireles v. Waco, 112 S. Ct. 286, 288 (1991).   Absolute judicial immunity can be overcome only if the plaintiff shows that the complained-of actions were nonjudicial in nature or that the actions were taken in the complete absence of jurisdiction.   See id.

Nothing in the pleadings indicates that any of Judge Morton's interactions with the plaintiff were not in his judicial capacity or that there was an absence of jurisdiction.   Because presiding over a trial is a judicial function in a criminal case, Judge Morton is entitled to immunity and the claims against him must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous. See Krueger v. Reimer, 66 F.3d 75, 77 (5th Cir. 1995) (affirming

-8-

dismissal of § 1983 claims as frivolous when the claims were barred by judicial immunity).

To the extent that Valle's request for relief that the trial be "further investigate[d]" can be interpreted as a claim that challenges the fact or duration of his confinement, this claim is not actionable in a lawsuit under 42 U.S.C. § 1983. The writ of habeas corpus provides the sole remedy for prisoners who challenge the "fact or duration" of their confinement and seek "immediate release or a speedier release from that imprisonment." Preiser v. Rodriguez, 93 S. Ct. 1827, 1841 (1973). A federal district court may not otherwise intervene in criminal proceedings that are pending in state court unless exceptional circumstances are present. See Younger v. Harris, 91 S. Ct. 746, 750–51 (1971).

Because Valle does not allege facts showing that exceptional circumstances warrant intervention, his request that his trial be "further investigated" will be dismissed for failure to state a claim upon which relief may be granted.[15]

## B.  The Claims Against the Assistant District Attorneys

Valle has sued district attorneys Volkmer and Platter for their involvement in the state's criminal prosecution against him. Prosecutors are entitled to absolute immunity from civil rights

_____

[15] The court declines to convert this case to a federal habeas corpus proceeding because there is no record showing that Valle has exhausted available remedies by pursuing relief in state court. See 28 U.S.C. § 2254(b); Tex. Code Crim. Proc. art 11.08

-9-

claims for actions taken in the scope of their duties in initiating a prosecution and presenting the state's case. See Imbler v. Pachtman, 96 S. Ct. 984, 995 (1976) (observing that judges and grand jurors acting within the scope of their duties are entitled to immunity and holding that prosecutors are also absolutely immune from a civil suit for damages for initiating a prosecution and in presenting the state's case); see also Loupe v. O'Bannon, 824 F.3d 534, 538 (5th Cir. 2016) ("A prosecutor enjoys absolute immunity when her actions are 'intimately associated with the judicial phase of the criminal process.'") (quoting Imbler, 96 S. Ct. at 995). Because prosecuting a criminal case is within the scope of a prosecutor's duties, the claims against the Assistant District Attorneys Volkmer and Platter will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous. See McPherson v. Curry, 253 F.3d 706, 2001 WL 498681 (5th Cir. 2001) (per curiam) (explaining that the plaintiff's claims were frivolous because the defendant district attorney was entitled to absolute prosecutorial immunity from claims under § 1983).

### IV.   Conclusion and Order

Accordingly, the court **ORDERS** as follows:

1. The Prisoner Civil Rights Complaint under 42 U.S.C. § 1983 filed by Anthony Valle will be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i) as frivolous.

2. The dismissal will count as a **STRIKE** for purposes

of 28 U.S.C. § 1915(g).

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff.  The Clerk will also send a copy of this Order to the Manager of Three Strikes List at Three_Strikes@txs.uscourts.gov

**SIGNED** at Houston, Texas, on this 16th day of June, 2025.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE